UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKE J. RUFFINO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-cv-709 (SRU) |
| | : | |
| CORRECTIONAL OFFICER FONOVIC, | : | |
|     Defendant. | : | |
| | : | |

**INITIAL REVIEW ORDER**

    Plaintiff Jake J. Ruffino, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983.  Ruffino alleges that the defendant violated his rights under the Eighth Amendment by failing to summon mental health treatment staff when Ruffino told him that he intended self-harm.  Ruffino names one defendant, Correctional Officer Fonovic.  The complaint was filed on May 10, 2016.  Ruffino's motion to proceed *in forma pauperis* was granted on May 16, 2016.

    Under section 1915A of title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.      Allegations

On March 14, 2014, Ruffino was housed in a mental health unit at Garner Correctional Institution.  At approximately 12:30 p.m., Ruffino told Correctional Officer Fonovic that he was very upset and thought he might cut himself.  Ruffino asked to speak to a mental health staff member.  Defendant Fonovic refused to contact the mental health unit on Ruffino's behalf.

Subsequently, Ruffino became extremely upset and overwhelmed with suicidal feelings.  He cut his left arm deep enough to require sutures.

Ruffino filed a grievance regarding this incident.  The grievance reviewer stated that an investigation revealed no support for Ruffino's allegations.  Ruffino alleges, however, that no one interviewed him or other inmates in the housing unit or examined the surveillance tapes from the housing unit.

II.     Analysis

Ruffino contends that defendant Fonovic was deliberately indifferent to his safety and serious mental health needs.  To state a claim for deliberate indifference to a serious mental health need, Ruffino must show both that his mental health need was serious and that the defendant acted with a sufficiently culpable state of mind.  *See Smith v. Carpenter*, 316 F.3d 178,

184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  Negligence does not rise to the level of deliberate indifference to support a section 1983 claim.  *See id.*

Ruffino does not describe the nature of his mental health conditions.  If, however, the conditions result in self-harm, they suggest that Ruffino has serious mental health needs.  *See Young v. Choinski*, 15 F. Supp. 3d 194, 207 (D. Conn. 2014) (noting that allegation of self-harm indicates serious mental health needs).  Ruffino alleges that he informed defendant Fonovic of the possibility of self-harm as one reason for seeing mental health staff but defendant Fonovic ignored him.  The allegations are sufficient to state a plausible claim.

In addition, Ruffino asserts a claim for deliberate indifference to safety.  To state an Eighth Amendment claim, a prisoner must show that the alleged conduct is objectively, sufficiently serious and that the defendant acted with a sufficiently culpable state of mind, that is, that he acted maliciously and sadistically to cause harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Ruffino alleges that defendant Fonovic deliberately ignored information that Ruffino needed to speak to mental health staff to avert a possible instance of self-harm.  The allegation is sufficient to allege a plausible claim.

III.   Conclusion

The complaint will proceed on the Eighth Amendment claim against defendant Fonovic for deliberate indifference to safety and mental health needs.

The Court enters the following orders:

(1)   **The Clerk shall** verify the current work address of defendant Fonovic with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the confirmed address within **twenty-one (21) days** of this Order, and report to

the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case,

Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 6th day of June 2016 at Bridgeport, Connecticut.

    /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge